**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prudential Insurance Company of America, | No. CV-24-02706-PHX-KML |
| Plaintiff, | **ORDER** |
| v. | |
| D.H., et al., | |
| Defendants. | |

Plaintiff Prudential Insurance Company filed this interpleader action asking the court to determine which defendant is entitled to life insurance benefits. Prudential named three defendants: D.H., J.D., and Joyce Houser "solely in her capacity as guardian of J.D." (Doc. 1 at 1.) As an attachment to the complaint, Prudential filed copies of state-court documents that include D.H.'s full name and date of birth. That date of birth establishes D.H. is no longer a minor. (Doc. 1-3 at 2.) The court will therefore use D.H.'s full name, Dylan Houser.

In 2024, Dylan Houser was committed to the Arizona State Hospital after pleading Guilty Except Insane to first degree murder and aggravated assault. (Doc. 1-3 at 5.) Prudential alleges Dylan Houser remains incarcerated at the state hospital. (Doc. 1 at 1.) Because Dylan Houser is no longer a minor, he might be able to proceed on his own behalf. However, that he was found insane and is currently committed raises concerns he is not able to protect his interests. Based on Fed. R. Civ. P. 17(c), a court must conduct a "competency determination when substantial evidence of incompetence is presented."

*Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005). And if "the court determines that a pro se litigant is incompetent, the court generally should appoint a guardian ad litem." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). To assist in the Rule 17 analysis, Prudential must explain whether it has information indicating (1) Dylan Houser is competent; and (2) he has or had a guardian ad litem. Finally, if Prudential plans to personally serve Dylan Houser, it must explain how it plans to do so given his current location.

Prudential's complaint identifies J.D. and Joyce Houser as separate defendants and requested that separate summons be issued, one for J.D. and one for "Joyce Houser, solely in her capacity as guardian of J.D." (Doc. 3-2 at 1.) Despite naming J.D. and Joyce Houser separately, the docket currently reflects the only defendant to this action other than Dylan Houser is Joyce Houser, solely in her capacity as guardian of J.D. That is accurate unless Prudential plans to pursue claims against both J.D. and Joyce Houser. Prudential must explain whether it intends to sue J.D. and Joyce as separate parties or if the only defendant other than Dylan Houser should be "Joyce Houser, solely in her capacity as guardian of J.D."

Accordingly,

**IT IS ORDERED** the Clerk of Court shall update the docket to replace Defendant D.H. with Defendant Dylan Houser. The Clerk of Court shall not issue a summons for any defendant at this time.

**IT IS FURTHER ORDERED** no later than **October 21, 2024**, Plaintiff Prudential Insurance Company shall file a statement addressing the issues outlined above regarding Rule 17's application to Dylan Houser, service of process, and proper defendants.

Dated this 15th day of October, 2024.

Honorable Krissa M. Lanham
United States District Judge